JORDAN K. SMITH and MARY F. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent EDWARD SMITH and MODINE SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket Nos. 9078-76, 9079-76.
United States Tax Court
T.C. Memo 1978-416; 1978 Tax Ct. Memo LEXIS 101; 37 T.C.M. (CCH) 1731; T.C.M. (RIA) 78416; October 16, 1978, Filed *101 Held, property determined to be a partnership asset.Held further, the sec. 1033, I.R.C. 1954, election with respect to involuntarily converted partnership property is open only to the partnership; therefore, reinvestment by the partners individually does not qualify for nonrecognition. Paul E. Anderson, for the petitioners. *102 Robert E. Casey, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Docket No.
Year
Deficiency
9078-76
1972
$ 10,285.00
9079-76
1972
9,029.00
The issues are whether certain property was a partnership asset and, if so, whether the individual partners' reinvestment in property similar to the involuntarily converted partnership asset qualifies under the nonrecognition provisions of section 1033. [1]
FINDINGS OF FACT Some facts were stipulated and are found accordingly. Jordan and Mary Smith and Edward and Modine Smith, husbands and wives, were legal residents of Novato and Escalon, California, respectively, when they filed their returns with the Internal Revenue Service Center, Fresno, California, and when they filed their petitions in this case. Jordan and Edward Smith are the two remaining partners in Smith Brothers, a calendar year partnership formed in 1943. Smith Brothers is now and was at all times material herein a California *103 partnership. At all times prior to mid-1969, the principal business activity of the partnership was the operation of a dairy ranch business. Smith Brothers filed a partnership return reflecting its operations in 1972. From 1943 to mid-1969, the partnership actively conducted its dairy operations on property known as Gallinas Ranch. In 1965 this property, originally owned by petitioners' relatives, was conveyed to Jordan and Edward Smith as tenants in common; however, it has been listed on the partnership books as a partnership asset since 1943. The property was scheduled and included as an asset on the partnership balance sheets filed with the partnership income tax returns. The partnership has reported its income derived and expenses incurred from the operation of its business activities on this property. All real property taxes assessed against the Gallinas Ranch were paid by the partnership. Because Gallinas Ranch was adjacent to San Francisco Bay, it was virtually impossible for the partnership to conduct its business thereon without polluting Bay water. As a consequence, California issued a cease and desist order to the partnership in 1968. The partnership thereafter *104 commenced business on other property and terminated its business operations on Gallinas Ranch in mid-1969. On May 15, 1972, the County sought to condemn the Gallinas Ranch for park purposes. This action was resolved on June 22, 1972, when the County agreed to purchase part of the property for $ 98,400 and lease the remaining part with a purchase option. The sale was consummated on or about September 1, 1972. Thereafter, the sale proceeds were distributed to Jordan and Edward Smith. In January 1972, JordanSmith purchased $ 52,500 of improved real property (three condominium units) which was titled jointly with his wife. In December 1974, he purchased $ 280,000 of improved real property (real property with a bank thereon) which was titled in his name only. In July 1973, Edward Smith purchased $ 54,000 of unimproved real property; while title was taken jointly with his wife, the property is his sole and separate property. The partnership did not purchase any real property in its own name within the period prescribed by section 1033. On its December 31, 1972, balance sheet, filed with its 1972 return, the partnership reflected the $ 84,900 gain on the sale portion of *105 the Gallinas Ranch transaction as a deferred income liability. Neither of the petitioners included any portion of the gain realized on the sale portion of the Gallinas Ranch transaction in their 1972 returns. Respondent determined that the Smith Brothers partnership should have reported the $ 84,900 gain as ataxable event in 1972 since the partnership did not reinvest in qualified section 1033 property within the prescribed statutory time period. Accordingly, he increased each petitioner's 1972 distributive share of partnership capital gains. OPINION We must determine whether the Gallinas Ranch was partnership property [2] and, if so, whether the Smith Brothers partnership, rather than its individual partners, must reinvest in "property similar or related in service or use" to take advantage of the nonrecognition provisions of section 1033. *106 Petitioners first contend that Gallinas Ranch was held as tenants in common by Jordan and Edward Smith; that it was not partnership property; and that, therefore, Jordan and Edward Smith properly reinvested in similar property to obtain the nonrecognition benefits of section 1033. Alternatively, they argue that even if the Gallinas Ranch was partnership property of Smith Brothers, they as individual partners were still entitled to individually reinvest the sale proceeds for purposes of section 1033 since tax liability is determined at their level. Respondent simply contends the property was partnership property and only the partnership may therefore elect to invoke section 1033. We agree with respondent. Section 1033(a) provides that if property is compulsorily or involuntarily converted into money and if the taxpayer purchases other property similar to the property converted, at the election of the taxpayer, the gain shall be recognized only to the extent that the amount realized upon the conversion exceeds the cost of the other property. Smith Brothers is a California partnership formed in 1943. Gallinas Ranch was placed on the partnership books and records as an asset *107 in 1943 and continuously remained thereon until sold in 1972 under threat of condemnation. During this period, the property was scheduled and included as an asset on the partnership balance sheets filed with and as part of the partnership returns. The partnership reported the income derived and expenses incurred from the operation of its business activities conducted on the Gallinas Ranch from 1943 through mid-1969. All real property taxes assessed against the property were paid by the partnership. Finally, the 1972 partnership return reported the $ 84,900 gain on the sale of the property as deferred income on its balance sheet. Under these circumstances we simply find no basis for holding that the Gallinas Ranch was not partnership property, notwithstanding the evidence of title as tenants in common to Jordan and Edward Smith. Petitioners argued in their brief that they "intended" that the property was not partnership property. There is no evidence in the record of such intent. Moreover, the best evidence of their "intent" is the method the property was treated on the partnership books--as partnership property. Finally, there is no evidence that Jordan and Edward Smith leased *108 the property to the partnership. Having found the Gallinas Ranch to be partnership property, we need only decide whether the partnership or the partners must make the section 1033 sale proceeds reinvestment. The Gallinas Ranch was partnership property. Upon a sale of a portion of the property, the proceeds were distributed to Jordan and Edward Smith who individually reinvested the proceeds in property they thought similar within the time period and meaning of section 1033. The partnership itself made no reinvestment within the time period of section 1033. Section 703(b) generally provides that any election affecting the computation of taxable income derived from a partnership shall be made by the partnership. Petitioners argue, however, that the partnership is not a taxable entity; that the partners in their individual capacity are liable for income taxes; and that, therefore, they individually should be allowed the benefits of section 1033. This argument was considered in Demirjian v. Commissioner,54 T.C. 1691, 1698-1701 (1970), affd. 457 F. 2d 1 (3d Cir. 1972), and McManus v. Commissioner,65 T.C. 197, 216 (1975), appeal pending *109 (9th Cir. 1976), where we held the partnership itself must make the election and qualifying reinvestment to obtain the nonrecognition benefits of section 1033. We see no need to repeat those cases here. Accordingly, we hold that since the Smith Brothers did not reinvest the proceeds of the Gallinas Ranch sale in similar property within the meaning of section 1033, it must report the gain in 1972. This gain is then reportable by its partners, Jordan and Edward Smith. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties stipulated that Smith Brothers is a partnership which actively conducted its business on the Gallinas Ranch. Thus, sec. 1.761-1(a), Income Tax Regs.↩, which refers to the existence of a partnership from holding property as tenants in common is irrelevant. The sole issue on this matter is whether Gallinas Ranch was an asset of the partnership--not whether Smith Brothers was a partnership.